IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VERNETA JOHNSON**                                                                      **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 3:22CV-81-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**               **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having also heard and considered oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

## FACTS

The plaintiff, Verneta Johnson, filed for benefits on July 27, 2016, alleging onset of disability commencing on May 26, 2016. The Social Security Administration denied the claim

initially and on reconsideration. Her insured status expired on December 31, 2021. Following a remand from the Appeals Council and a second hearing, the ALJ issued an unfavorable decision on August 17, 2021. (Dkt. 10 p. 39-49).[1] The Appeals Council denied the request for review, and this timely appeal followed.

      The ALJ determined Johnson had the following severe impairments: degenerative disc disease and degenerative joint disease (osteoarthritis). The ALJ found Johnson retained the residual functional capacity (RFC) to perform light work, finding she can lift and carry ten pounds continuously, up to twenty pounds frequently, and up to fifty pounds occasionally. Without interruption she can sit for one hour, stand for one hour, and walk for one hour. In an 8-hour day she could sit for six hours, stand for six hours, and walk for six hours. Using both hands, she can continuously reach overhead in all directions; frequently handle and finger; constantly feel with the right or left hand; and frequently push or pull with the right or the left hand. Johnson is right-handed and can operate foot controls frequently with either foot. She can frequently climb stairs, ramps, ladders, ropes, and scaffolds, balance, stoop, kneel, crouch, and crawl. She can work frequently around unprotected heights, moving mechanical parts, and operate a motor vehicle. She can be continuously exposed to dust, odors, fumes, and pulmonary irritants as well as extreme cold, extreme heat, and vibrations. She can work in a loud noise environment. She can perform activities like shopping, traveling without a companion for assistance, ambulate without using a wheelchair, walker, two canes, or two crutches, and can

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

walk a block at a reasonable pace on rough or uneven surfaces. She can use standard public transportation, can climb a few steps at a reasonable pace with the use of a single handrail. She can prepare a simple meal and feed herself and tend to her personal hygiene. She cannot sort, handle, or use paper files.

The ALJ found that Johnson can perform her past relevant work as a teacher's aide, a skilled job performed at the light level of exertion. Therefore, the ALJ determined Johnson was not disabled.

## **ANALYSIS**

The plaintiff at oral argument conceded that two of the arguments in briefing amounted to harmless error at most, waiving the argument about the inconsistent RFC and the failure to incorporate or explain the DDS opinions. The plaintiff argued the Commissioner erred in failing to specify the frequency of periods of sitting and standing.

The plaintiff argues the RFC was ambiguous as to the limitations on sitting, standing and walking. The RFC adopted by the ALJ follows the findings and medical source statement of the consultative examiner, Dr. Misquita. Misquita found Johnson could sit, stand, or walk for one hour without interruption. She also found Johnson could sit for up to six hours out of an eight-hour day; stand for up to six hours a day; and walk for up to six hours per day. The plaintiff argues the RFC is ambiguous because it does not spell out how long a break the plaintiff will require after the end of an hour of sitting, standing, or walking, before changing positions or resuming the earlier position. Without this limitation spelled out, the plaintiff argues that it is impossible to determine if she could return to her past relevant work as a teacher's aide.

This argument fails for two reasons. First, the limitation suggested by the plaintiff — that she needed some undefined break time after an hour either sitting, or standing, or walking, is not supported by the record, but is merely supposition. The ALJ drew the RFC directly from Misquita's report and medical source statement, and the doctor never suggested the need for any break between changes in position. Therefore, the record does not support the assumption underlying the plaintiff's argument. With nothing in the record to support the need for a break between these activities, there is no error in failing to recognize and define a break.

Additionally, the vocational expert was clearly aware of the "one-hour uninterrupted" restriction on sitting, standing, and walking when she testified that Johnson could perform her past work. The initial hypothetical referenced only the six hours each for sitting, standing, and walking. The VE said she could work as a teacher's aide. R. 89. In the next hypothetical the ALJ included all the restrictions in the final RFC, including the one hour, without interruption, in sitting, standing, and walking. R. 89-90. Again, the VE testified this person could work as a teacher's aide. R. 90.

Johnson's counsel also brought up the one-hour limitation. "If a hypothetical claimant were limited to sitting, standing, and walking no more than one hour at a time, that effectively reduces them down to sedentary work or would it be a less than a full range of sedentary work?" R. 91. The VE asked for clarification. "And what's the total in the day?" R. 91. The follow-up from counsel was this question — "At what maximum would that person be reduced to a less

than full range of sedentary work?" R. 91. The VE responded" "Well, if they cannot sit, stand, and walk *in combination* up to eight hours." R. 91 (Emphasis added). While this question and answer are not directly on point, it demonstrates two things — the VE did not miss, or fail to consider the one-hour restriction, and that the combination of time spent in sitting, in standing, or walking, was the crucial factor in determining Johnson's capacity to work.

Finding no reversible error and a decision supported by substantial evidence, the court finds the decision should be affirmed.

**IT IS ORDERED AND ADJUDGED**, that the decision of the Commissioner is affirmed.

**SO ORDERED AND ADJUDGED** this the 17th day of February, 2023.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**